# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JIMMY RICHARD JOHNSON**  **PLAINTIFF**
**ADC #171852**

V.  NO. 4:23-cv-01074-BSM-ERE

**BRIAN BLEVINS**  **DEFENDANT**

## ORDER

### I. Overview:

*Pro se* plaintiff Jimmy Richard Johnson, a pre-trial detainee at the Yell County Detention Center ("Detention Center"), filed this civil rights lawsuit under 42 U.S.C. § 1983. Mr. Johnson's complaint alleges that: (1) unidentified Detention Center staff have interfered with his personal mail; (2) although he has notified Jail Administrator Brian Blevins about the delay in receiving personal mail, Mr. Blevins has failed to assist him; (3) "he is a non-violent offender housed in a violent pod"; and (4) he is being wrongfully detained. *Doc. 2 at 4*. Mr. Johnson sues Mr. Blevins in his official capacity only seeking monetary and injunctive relief.[1]

Mr. Johnson has failed to state a plausible constitutional claim for relief against Mr. Blevins, the only Defendant named in this lawsuit. Rather than recommend dismissal of Mr. Johnson's claims, the Court will delay the screening

---

[1] In his request for relief, Mr. Johnson requests that the Detention Center "employee[]s lose al[l] rights to this type of employment." *Doc. 2 at 5*.

process[2] to give Mr. Johnson an opportunity to file an amended complaint clarifying his constitutional claims and correcting these pleading deficiencies.

## II. Pleading Deficiencies:

### A. Official Capacity Claims Against County Employees

Mr. Johnson sues Defendant Blevins in his official capacity only. By law, the Court must treat Mr. Johnson's official-capacity claims against Defendant Blevins (or any other county employees) as claims against Yell County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). And Yell County cannot be held vicariously liable for the actions of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Instead, Yell County can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633. Because Mr. Johnson's current complaint fails to allege that he suffered any constitutional injury as the result of a Yell County

---

[2] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

custom or policy, if the Court were to screen it, it would recommend dismissal of all official capacity claims.

Mr. Johnson may pursue claims for money damages against Defendant Blevins (or any other individual Defendant) in his or her individual capacity. But to do so, he must make clear in his amended complaint his intention to sue Defendant Blevins (or any other individual Defendants) in their individual capacities.

B.     **First Amendment Access to Mail**

Inmates retain their First Amendment rights of speech that are "'not inconsistent with [their] status as . . . prisoner[s] or with the legitimate penological objectives of the corrections system.'" *Hudson v. Palmer*, 468 U.S. 517, 523 (1984). This right includes the right to send and receive mail.

Mr. Johnson's complaint fails to identify the person he believes is tampering with his mail. Furthermore, Mr. Johnson does not allege that Detention Center staff acted pursuant to any Detention Center policy or regulation in failing to timely provide Mr. Johnson his mail. Generally, isolated incidents of mail tampering are not sufficient to rise to the level of a constitutional violation. See *Davis v. Goord*, 320 F.3d 346, 251 (2nd Cir. 2003). The facts contained in Mr. Johnson's complaint are insufficient to state a plausible First Amendment claim.

C.     **Conditions of Confinement**

Mr. Johnson's complaint alleges that he is non-violent offender housed in a violent pod. As a pre-trial detainee, his conditions of confinement claims are analyzed under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 905 (8th Cir. 2020). Under that standard, the government may lawfully detain a defendant before trial and subject him to jail restrictions and conditions, "so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Stearns*, 957 F.3d at 907 (quoting *Bell*, 441 U.S. at 536–37). In the absence of any allegations suggesting an express intent to punish, a plaintiff must allege facts suggesting that "the conditions of confinement were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id*. (quoting *Bell*, 441 U.S. at 538-39). "If conditions are found to be arbitrary or excessive, it is permissible to "infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Id*. (quoting *Bell*, 441 U.S. at 539).

Whether the conditions of pretrial detention are punitive and therefore unconstitutional depends on the totality of the circumstances, including the duration of the allegedly harsh conditions. *Stearns*, 957 F.3d at 909.

Mr. Johnson's complaint alleges that unidentified Detention Center staff members have housed him with violent inmates. However, Mr. Johnson does not claim that the conditions he experienced at the Detention Center were intentionally punitive. Also, Mr. Owens alleges no facts suggesting that: (1) he endured arbitrary or excessive conditions of confinement during confinement; or (2) he was the victim of any inmate attack.[3]

The facts alleged in the complaint are insufficient to state a plausible unconstitutional conditions of confinement claim.

### D.   Supervisor Liability

Under section 1983, a supervisor may not be held vicariously liable for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. 662, 676 (2009) (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"). Instead,

---

[3] A different legal standard applies to claims that a defendant knew about but failed to take action to protect an inmate from a specific and serious risk of harm. However, Mr. Johnson alleges no facts suggesting his intent to pursue such a claim. See *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (describing elements of failure to protect claim).

Mr. Johnson must allege that each defendant, "through [his] own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676.

Mr. Johnson's complaint fails to allege that Defendant Blevins personally participated in or had any direct responsibility for any constitutional violation. Accordingly, the complaint fails to state a plausible constitutional claim for relief against Defendant Blevins.

### E. False Imprisonment

To the extent that Mr. Johnson alleges that he has been falsely imprisoned based on state law criminal charges for which he has already been sentenced, this claim also fails. False imprisonment is a state-law claim that is not actionable under § 1983. *King v. Beavers*, 148 F.3d 1031, 1034 (8th Cir. 1998) ("False imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment, which 'protects only against deprivations of liberty accomplished without due process of law.'" (quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979) (internal quotation omitted)).

### III. Guidelines for Filing Amended Complaint:

Mr. Johnson has thirty days to file an amended complaint. If Mr. Johnson files an amended complaint, he should include facts to: (1) identify and name as a Defendant each individual who violated his constitutional rights; (2) explain what each Defendant personally did or failed to do that rises to the level of a constitutional

violation; (3) state in what capacity he is suing each Defendant (individual capacity, official capacity, or both); and (4) describe any injury he suffered as a result of each Defendant's alleged unconstitutional conduct.

Mr. Johnson's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Johnson should make sure that his amended complaint includes all allegations relevant to any claim he wants to pursue in this lawsuit. Mr. Johnson should not rely upon, or incorporate by reference, any allegations made in the original complaint. In other words, Mr. Johnson's amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Johnson need only include a "short and plain statement" showing that she is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

IV. **Conclusion:**

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1. Mr. Johnson may file an amended complaint within thirty (30) days of

the entry of this Order.

2.     If Mr. Johnson fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of his claims for money damages against Defendant Blevins.

3.     The Clerk is instructed to provide Mr. Johnson a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

So Ordered 17 November 2023.

_____
UNITED STATES MAGISTRATE JUDGE